**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CENTER FOR BIOLOGICAL DIVERSITY,
378 N. Main Ave.
Tucson, AZ 85702

                            *Plaintiff,*

    v.

U.S. ENVIRONMENTAL PROTECTION
AGENCY,
1200 Pennsylvania Avenue NW
Washington, DC 20460

U.S. DEPARTMENT OF AGRICULTURE,
1400 Independence Avenue SW
Washington, DC 20250

    and

U.S. FISH AND WILDLIFE SERVICE,
1849 C Street NW, Room 3358
Washington, DC 20240

                      *Defendants*.

Civil Action No: 19-cv-01318

**COMPLAINT FOR DECLARATORY**
**AND INJUNCTIVE RELIEF**

**(Freedom of Information Act, 5 U.S.C. § 552)**

## INTRODUCTION

    1.    Plaintiff Center for Biological Diversity (Center)—an environmental conservation organization that works to protect native wildlife and their habitats—brings this action pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552. Through this action, the Center seeks the disclosure of agency records requested from the U.S. Environmental Protection Agency (EPA), U.S. Department of Agriculture (USDA), and U.S. Fish and Wildlife Service (Service) (collectively "Defendants") relating to meetings and discussions between these agencies and representatives of the national trade association CropLife America. Pursuant to its

COMPLAINT                                          1

mission, CropLife America represents and advocates on behalf of pesticide manufacturers, formulators, and distributors.

2.      It has been over five months since the Center made the public records requests at issue in this action, and none of the three defendant agencies has provided a lawful final determination or identified or disclosed all responsive records. By failing to search for and provide all responsive records, Defendants are unlawfully withholding the records requested by Plaintiff in violation of FOIA.

3.      Prompt access to these records is necessary to effectuate FOIA's purpose of transparency. Thus, the Center seeks from the Court declaratory relief establishing that Defendants have violated FOIA. The Center also seeks injunctive relief directing Defendants to conduct lawful searches and provide all responsive records without further delay.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA) and 28 U.S.C. § 1331 (federal question jurisdiction).

5.      Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1).

6.      Declaratory relief is appropriate pursuant to 28 U.S.C. § 2201.

7.      Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

8.      Plaintiff CENTER FOR BIOLOGICAL DIVERSITY is a national, non-profit conservation organization that works through science, law, and policy to secure a future for all species, great and small, hovering on the brink of extinction. Informing the public about the

activities of the federal government is central to the Center's mission. The Center educates and counsels its members and the public on environmental issues, policies, and laws through media, advocacy, its website, and publications that are widely distributed.

9.      The Center and its more than 69,500 members are harmed by Defendants' failure to provide the requested records in violation of FOIA, as such violations preclude the Center from gaining a full understanding of the frequency, circumstances, and individual attendance at meetings that Defendants have had with parties representing the interests of CropLife America and, by extension, the pesticide industry. For the Center to be successful in its mission to protect native species and their habitat, it is critical that it is able to maintain access and transparency to records containing such information.

10.     Defendant U.S. ENVIRONMENTAL PROTECTION AGENCY is an independent agency of the U.S. government. EPA is in possession and control of the records that the Center seeks, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f) and is responsible for fulfilling the Center's FOIA request to it.

11.     Defendant U.S. DEPARTMENT OF AGRICULTURE is an independent agency of the U.S. government. USDA is in possession and control of the records that the Center seeks, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f) and is responsible for fulfilling the Center's FOIA request to it.

12.     Defendant U.S. FISH AND WILDLIFE SERVICE is an agency of the U.S. government within the Department of the Interior. The Service is in possession and control of the records that the Center seeks, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f) and is responsible for fulfilling the Center's FOIA request to it.

## STATUTORY AND REGULATORY FRAMEWORK

13.     The basic purpose of FOIA is to sustain an informed citizenry through government transparency, which is vital to the functioning of a democratic society, and to provide a needed check against corruption by holding the governors accountable to the governed.

14.     FOIA establishes the public's right of access to all federal agency records upon request unless the agency can demonstrate that one of nine narrowly enumerated disclosure exemptions applies. 5 U.S.C. § 552(a), (b)(1)-(9).

15.     FOIA places the burden on the federal agency to prove that it may withhold responsive records from a requester. *Id*. § 552(a)(4)(B).

16.     The scope of federal agency records considered to be public and subject to release under FOIA is broad. *Id*. § 552(a)(2).

17.     FOIA imposes strict deadlines on agencies to respond to requests. *Id*. § 552(a)(6)(A). FOIA obligates an agency responding to a FOIA request to issue a determination on the request within 20 working days of receipt (the "determination deadline"). *Id*. § 552(a)(6)(A)(i).

18.     In order to make a lawful "determination," the agency must at least: (1) gather and review responsive records; (2) determine and communicate the scope of the records it intends to produce and withhold, and the reasons for withholding any records, and (3) inform the requester that it has a right to appeal the agency's determination. *Id*.; *see also Citizens for Responsibility & Ethics in Wash. v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013).

19.     FOIA provides a specified set of limited circumstances under which federal agencies may obtain more time to make the determination that is required by FOIA. *See* 5 U.S.C.

§ 552(a)(6)(A), (B). The federal agency must explicitly invoke these circumstances for this provision to apply.

20.     FOIA requires each agency to make reasonable efforts to search for records in a manner that is reasonably calculated to locate records that are responsive to the FOIA request. *Id*. § 552(a)(3)(C)-(D). Using the date of a FOIA request as the cut-off date for the search is not always reasonable, while using the date that the agency commences its search has consistently been found to be reasonable.

21.     FOIA requires federal agencies to promptly disclose requested records. *Id*. § 552(a)(3)(A), (a)(6)(C)(i). Any inquiry under FOIA brings with it a strong presumption in favor of disclosure.

22.     In certain limited instances an agency may withhold records from FOIA's broad disclosure mandate. *Id*. § 552(b)(1)-(9). In light of FOIA's dominant objective of disclosure over secrecy, these exemptions must be narrowly construed and must be communicated to the requester.

23.     A requester "shall be deemed to have exhausted his [or her] administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions" of FOIA. *Id*. § 552(a)(6)(C)(i). In that event, FOIA authorizes the requester to sue the agency in federal court. *Id*. § 552(a)(4)(B).

24.     The U.S. district courts have jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id*. § 552(a)(4)(B).

## FACTUAL BACKGROUND

A.      U.S. Environmental Protection Agency FOIA Request (EPA-HQ-2019-001925)

25.      On December 6, 2018, the Center submitted a FOIA request to EPA asking for "records generated in connection with all meetings and discussions between EPA and CropLife America." The date range for this request is January 1, 2018 to the date EPA conducts the search for responsive records.

26.      The same day, EPA acknowledged the Center's request and assigned it tracking number EPA-HQ-2019-001925.

27.      On April 18, 2019, after receiving no substantive communications from EPA regarding its production of records in response to this request, the Center sent a letter notifying EPA that it had violated FOIA by failing to make a lawful determination on the Center's FOIA request within FOIA's statutory deadline and offering to assist the agency in responding to the request.

28.      On April 19, 2019, EPA acknowledged receipt of the Center's letter and informed the Center that it was "looking into [the] matter[]," but did not provide a lawful determination.

29.      Upon information and belief, as of the date of this complaint the Center has received no records or additional communications from EPA regarding this FOIA request.

30.      In connection with this FOIA request, EPA has not requested additional information from the Center or notified the Center of any "unusual circumstances" that prevent it from complying with FOIA's deadline for determination. *See* 5 U.S.C. § 552(a)(6)(A)-(B).

31.      EPA has no lawful basis under FOIA for its delay and has provided no lawful basis to withhold or redact the records the Center requests.

32.     EPA's failure to provide all responsive records to the Center undermines FOIA's primary purpose of transparency.

33.     The Center has been required to expend resources to litigate this action.

B.      U.S. Department of Agriculture FOIA Request (2019-DA-01329-F)

34.     On December 6, 2018, the Center submitted a FOIA request to USDA's Office of Pest Management Policy asking for "records generated in connection with all meetings and discussions between USDA and CropLife America." The date range for this request is January 1, 2018 to the date USDA conducts the search for responsive records.

35.     On December 7, 2018, USDA acknowledged the Center's request and assigned it tracking number 2019-DA-01329-F.

36.     On April 18, 2019, after receiving no substantive communications from USDA regarding its production of records in response to this request, the Center sent a letter notifying USDA that it had violated FOIA by failing to make a lawful determination on the Center's FOIA request within FOIA's statutory deadline and offering to assist the agency in responding to the request.

37.     On April 19, 2019, USDA acknowledged receipt of the Center's letter and said that it would provide a status update the following week (the week of April 22-26), but did not provide a lawful determination.

38.     On May 3, 2019, USDA provided via email from the Departmental FOIA Office a letter that was dated that same day and 25 pages of partially redacted records in response to 2019-DA-01329-F (the "May 3 Letter"). Signed by Alexis Graves in her capacity as the USDA Departmental FOIA Officer, the May 3 Letter identified that USDA had located "several hundred pages of potentially responsive records," but did not detail the number of records that

the agency would produce, the scope of the records the agency planned to withhold under any

FOIA exemptions, or the date by which it intended to complete production of responsive records.

The May 3 Letter did not provide the Center with an immediate right of appeal.

39.     In connection with this FOIA request, USDA has not requested additional

information from the Center or notified the Center of any "unusual circumstances" that prevent it

from complying with FOIA's deadline for determination. *See* 5 U.S.C. § 552(a)(6)(A)-(B).

40.     USDA has no lawful basis under FOIA for its failures and delay.

41.     USDA's failure to provide all responsive records to the Center undermines

FOIA's primary purpose of transparency.

42.     The Center has been required to expend resources to litigate this action.

C.     U.S. Fish and Wildlife Service FOIA Request (FWS-2019-00222)

43.      On December 6, 2018, the Center submitted a FOIA request to the Service asking

for "records generated in connection with all meetings and discussions between [the Service] and

CropLife America." The date range for this request is January 1, 2018 to the date the Service

conducts the search for responsive records.

44.     On December 7, 2018, the Service acknowledged receipt of the Center's request

and forwarded the request to the agency's Ecological Services Office.

45.     On December 14, 2018, the Service again acknowledged receipt of the Center's

request and assigned it tracking number FWS-2019-00222. In that same letter, the Service

assigned the request to the "normal" processing track and took a 10-workday extension pursuant

to 43 C.F.R. § 2.19.

46.     On April 18, 2019, after receiving no further substantive communications from

the Service regarding its production of records in response to this request, the Center sent a letter

notifying the Service that it had violated FOIA by failing to make a lawful determination on the

Center's FOIA request within FOIA's statutory deadline and offering to assist the agency in

responding to the request.

47.     On April 19, 2019, the Service acknowledged receipt of the Center's letter and

said that it would provide an "incremental" release by May 3, 2019, but did not provide a lawful

determination.

48.     Upon information and belief, the Center did not receive any additional

communications or records from the Service on May 3, 2019.

49.     Upon information and belief, as of the date of this complaint the Center has

received no records or additional communications from the Service regarding this FOIA request.

50.     The Service has no lawful basis under FOIA for its delay and has provided no

lawful basis to withhold or redact the records the Center requests.

51.     The Service's failure to provide all responsive records to the Center undermines

FOIA's primary purpose of transparency.

52.     The Center has been required to expend resources to litigate this action.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF:
### VIOLATION OF THE FREEDOM OF INFORMATION ACT

**(Failure to Comply with FOIA's Mandatory Determination Deadline)**

COUNT ONE: EPA's Failure to Comply with FOIA's Mandatory Determination Deadline for
FOIA Request Number EPA-HQ-2019-001925

53.     Plaintiff re-alleges and incorporates by reference the allegations made in all

preceding paragraphs.

54.     The Center properly requested records within the control of EPA through its December 6, 2018 FOIA request to the agency—request number EPA-HQ-2019-001925.

55.     The Center has a statutory right to have its FOIA requests processed by EPA in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3).

56.     EPA has violated FOIA and the Center's rights in this regard by unlawfully delaying a determination under FOIA on FOIA request number EPA-HQ-2019-001925. *Id*. § 552(a)(6)(A)(i).

57.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in public record requests to EPA in the foreseeable future.

58.      The Center's organizational activities will be adversely affected if EPA is allowed to continue violating FOIA's disclosure provisions, as it has done in this case.

59.     The Center has constructively exhausted its administrative remedies with respect to this claim because EPA did not make and communicate a "determination" within the meaning of 5 U.S.C. § 552(a)(6)(A)(i) within 20 working days of receiving the Center's FOIA request. *Id*. § 552(a)(6)(C)(i).

60.     The Center is entitled to declaratory and injunctive relief, as well as its reasonable costs of litigation, as a result of the agency's continued failure to comply with FOIA's mandatory determination deadline.

COUNT TWO: USDA's Failure to Comply with FOIA's Mandatory Determination Deadline for FOIA Request Number 2019-DA-01329-F

61.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

62.     The Center properly requested records within the control of USDA through its December 6, 2018 FOIA request to the agency—request number 2019-DA-01329-F.

63.    The Center has a statutory right to have its FOIA requests processed by the USDA in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3).

64.    USDA has violated FOIA and the Center's rights in this regard by unlawfully delaying a lawful determination under FOIA on FOIA request number 2019-DA-01329-F. *Id.* § 552(a)(6)(A)(i).

65.    Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in public record requests to USDA in the foreseeable future.

66.    The Center's organizational activities will be adversely affected if USDA is allowed to continue violating FOIA's disclosure provisions, as it has done in this case.

67.    The Center has constructively exhausted its administrative remedies with respect to this claim because USDA did not make and communicate a "determination" within the meaning of 5 U.S.C. § 552(a)(6)(A)(i) within 20 working days of receiving the Center's FOIA request. *Id.* § 552(a)(6)(C)(i).

68.    The Center is entitled to declaratory and injunctive relief, as well as its reasonable costs of litigation, as a result of the agency's continued failure to comply with FOIA's mandatory determination deadline.

COUNT THREE: The Service's Failure to Comply with FOIA's Mandatory Determination Deadline for FOIA Request Number FWS-2019-00222

69.    Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

70.    The Center properly requested records within the control of the Service through its December 6, 2018 FOIA request to the agency—request number FWS-2019-00222.

71.     The Center has a statutory right to have its FOIA requests processed by the Service in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3).

72.     The Service has violated FOIA and the Center's rights in this regard by unlawfully delaying a lawful determination under FOIA on FOIA request number FWS-2019-00222. *Id*. § 552(a)(6)(A)(i).

73.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in public record requests to the Service in the foreseeable future.

74.      The Center's organizational activities will be adversely affected if the Service is allowed to continue violating FOIA's disclosure provisions, as it has done in this case.

75.     The Center has constructively exhausted its administrative remedies with respect to this claim because the Service did not make and communicate a "determination" within the meaning of 5 U.S.C. § 552(a)(6)(A)(i) within 20 working days of receiving the Center's FOIA request. *Id*. § 552(a)(6)(C)(i).

76.     The Center is entitled to declaratory and injunctive relief, as well as its reasonable costs of litigation, as a result of the agency's continued failure to comply with FOIA's mandatory determination deadline.

## SECOND CLAIM FOR RELIEF:
## VIOLATION OF THE FREEDOM OF INFORMATION ACT

### (Failure to Promptly Disclose All Responsive Records)

COUNT ONE: EPA Has Unlawfully Withheld Records Responsive to FOIA Request Number EPA-HQ-2019-001925

77.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

78.     The Center has a statutory right to have its FOIA requests processed by EPA in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3).

79.     EPA has violated FOIA and the Center's rights in this regard by failing to promptly provide all responsive records—or reasonably segregable, nonexempt portions of responsive records—related to FOIA request number EPA-HQ-2019-001925. *Id*. § 552(a)(3)(A), (a)(8), (b).

80.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in public record requests to EPA in the foreseeable future.

81.      The Center's organizational activities will be adversely affected if EPA is allowed to continue violating FOIA's requirement to promptly disclose records that are responsive to the Center's FOIA requests, as it has done in this case.

82.     The Center has constructively exhausted its administrative remedies with respect to this claim because EPA did not make and communicate a "determination" within the meaning of 5 U.S.C. § 552(a)(6)(A)(i) within 20 working days of receiving the Center's FOIA request. *Id*. § 552(a)(6)(C)(i).

83.     The Center is entitled to declaratory and injunctive relief, as well as its reasonable costs of litigation, as a result of the agency's improper withholding of the requested records.

COUNT TWO: USDA Has Unlawfully Withheld Records Responsive to FOIA Request Number 2019-DA-01329-F

84.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

85.     The Center has a statutory right to have its FOIA requests processed by USDA in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3).

86.     USDA has violated FOIA and the Center's rights in this regard by failing to promptly provide all responsive records—or reasonably segregable, nonexempt portions of responsive records—related to FOIA request number 2019-DA-01329-F. *Id*. § 552(a)(3)(A), (a)(8), (b).

87.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in public record requests to USDA in the foreseeable future.

88.      The Center's organizational activities will be adversely affected if the USDA is allowed to continue violating FOIA's requirement to promptly disclose records that are responsive to the Center's FOIA requests, as it has done in this case.

89.     The Center has constructively exhausted its administrative remedies with respect to this claim because USDA did not make and communicate a "determination" within the meaning of 5 U.S.C. § 552(a)(6)(A)(i) within 20 working days of receiving the Center's FOIA request. *Id*. § 552(a)(6)(C)(i).

90.     The Center is entitled to declaratory and injunctive relief, as well as its reasonable costs of litigation, as a result of the agency's improper withholding of the requested records.

COUNT THREE: The Service Has Unlawfully Withheld Records Responsive to FOIA Request Number FWS-2019-00222

91.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

92.     The Center has a statutory right to have its FOIA requests processed by the Service in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3).

93.     The Service has violated FOIA and the Center's rights in this regard by failing to promptly provide all responsive records—or reasonably segregable, nonexempt portions of

responsive records—related to FOIA request number FWS-2019-00222. *Id*. § 552(a)(3)(A), (a)(8), (b).

94.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in public record requests to the Service in the foreseeable future.

95.      The Center's organizational activities will be adversely affected if the Service is allowed to continue violating FOIA's requirement to promptly disclose records that are responsive to the Center's FOIA requests, as it has done in this case.

96.     The Center has constructively exhausted its administrative remedies with respect to this claim because the Service did not make and communicate a "determination" within the meaning of 5 U.S.C. § 552(a)(6)(A)(i) within 20 working days of receiving the Center's FOIA request. *Id*. § 552(a)(6)(C)(i).

97.     The Center is entitled to declaratory and injunctive relief, as well as its reasonable costs of litigation, as a result of the agency's improper withholding of the requested records.

### THIRD CLAIM FOR RELIEF:
### VIOLATION OF THE FREEDOM OF INFORMATION ACT

**(Failure to Conduct an Adequate Search for Responsive Records)**

COUNT ONE: EPA Has Failed to Conduct an Adequate Search for All Records Responsive to FOIA Request Number EPA-HQ-2019-001925

98.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

99.     The Center has a statutory right to have its FOIA requests processed by EPA in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3).

100.    EPA has violated FOIA and the Center's rights in this regard by unlawfully failing to undertake a search that is reasonably calculated to locate all records that are responsive to FOIA request number EPA-HQ-2019-001925. *Id*. § 552(a)(3)(C)-(D).

101.    Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in public record requests to EPA in the foreseeable future.

102.    The Center's organizational activities will be adversely affected if EPA is allowed to continue violating FOIA's requirement to undertake a search that is reasonably calculated to locate records that are responsive to the Center's FOIA requests, as it has done in this case.

103.    The Center has constructively exhausted its administrative remedies with respect to this claim because EPA did not make and communicate a "determination" within the meaning of 5 U.S.C. § 552(a)(6)(A)(i) within 20 working days of receiving the Center's FOIA request. *Id*. § 552(a)(6)(C)(i).

104.    The Center is entitled to declaratory and injunctive relief, as well as its reasonable costs of litigation, as a result of the agency's failure to conduct an adequate search for responsive records.

COUNT TWO: USDA Has Failed to Conduct an Adequate Search for All Records Responsive to FOIA Request Number 2019-DA-01329-F

105.    Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

106.    The Center has a statutory right to have its FOIA requests processed by USDA in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3).

107.     USDA has violated FOIA and the Center's rights in this regard by unlawfully failing to undertake a search that is reasonably calculated to locate all records that are responsive to FOIA number 2019-DA-01329-F. *Id*. § 552(a)(3)(C)-(D).

108.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in public record requests to the USDA in the foreseeable future.

109.      The Center's organizational activities will be adversely affected if the USDA is allowed to continue violating FOIA's requirement to undertake a search that is reasonably calculated to locate records that are responsive to the Center's FOIA requests, as it has done in this case.

110.     The Center has constructively exhausted its administrative remedies with respect to this claim because USDA did not make and communicate a "determination" within the meaning of 5 U.S.C. § 552(a)(6)(A)(i) within 20 working days of receiving the Center's FOIA request. *Id*. § 552(a)(6)(C)(i).

111.     The Center is entitled to declaratory and injunctive relief, as well as its reasonable costs of litigation, as a result of the agency's failure to conduct an adequate search for responsive records.

COUNT THREE: The Service Has Failed to Conduct an Adequate Search for All Records Responsive to FOIA Request Number FWS-2019-00222

112.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

113.     The Center has a statutory right to have its FOIA requests processed by the Service in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3).

114.    The Service has violated FOIA and the Center's rights in this regard by unlawfully failing to undertake a search that is reasonably calculated to locate all records that are responsive to FOIA request number FWS-2019-00222. *Id*. § 552(a)(3)(C)-(D).

115.    Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in public record requests to the Service in the foreseeable future.

116.    The Center's organizational activities will be adversely affected if the Service is allowed to continue violating FOIA's requirement to undertake a search that is reasonably calculated to locate records that are responsive to the Center's FOIA requests, as it has done in this case.

117.    The Center has constructively exhausted its administrative remedies with respect to this claim because the Service did not make and communicate a "determination" within the meaning of 5 U.S.C. § 552(a)(6)(A)(i) within 20 working days of receiving the Center's FOIA request. *Id*. § 552(a)(6)(C)(i).

118.    The Center is entitled to declaratory and injunctive relief, as well as its reasonable costs of litigation, as a result of the agency's failure to conduct an adequate search for responsive records.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court:

1)    Declare that each Defendant violated the Freedom of Information Act by failing to lawfully satisfy Plaintiff's FOIA requests, numbers EPA-HQ-2019-001925, 2019-DA-01329-F, FWS-2019-00222;

COMPLAINT                                                                        18

2)   Order each Defendant to search for all records responsive to Plaintiff's FOIA requests, numbers EPA-HQ-2019-001925, 2019-DA-01329-F, FWS-2019-00222, with the cut-off date for such searches being the date each agency initiates its search and using search methods reasonably likely to lead to discovery of all responsive records;

3)   Order each Defendant to produce, by a date certain, all nonexempt records and reasonably segregable portion of records responsive to Plaintiff's FOIA requests, numbers EPA-HQ-2019-001925, 2019-DA-01329-F, FWS-2019-00222, and a *Vaughn* index of any responsive records or portion of responsive records withheld under a claim of exemption, at no cost to Plaintiff;

4)   Enjoin each Defendant from continuing to withhold nonexempt responsive records or reasonably segregable portions of the records responsive to Plaintiff's FOIA requests;

5)   Retain jurisdiction over this action to ensure the appropriate processing of Plaintiff's FOIA requests and that no agency records or portion of the records are improperly withheld;

6)   Award Plaintiff its reasonable attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412; and

7)   Grant any such further relief as the Court may deem just and proper.

Dated this 7th day of May, 2019.

Respectfully submitted,

/s/ *Hannah M.M. Connor*
Hannah M.M. Connor (D.C. Bar No. 1014143)
Center for Biological Diversity
P.O. Box 2155
St. Petersburg, FL 33731
(202) 681-1676
hconnor@biologicaldiversity.org

COMPLAINT                                                                 19

Jonathan Evans (CA Bar No. 247376), *Pro hac vice* pending
Center for Biological Diversity
1212 Broadway, Suite 800
Oakland, CA 94612
(510) 844-7118
jevans@biologicaldiversity.org

*Attorneys for Plaintiff Center for Biological Diversity*